[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13384
Non-Argument Calendar

_____

D. C. Docket No. 05-00007-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE JAMES TAYLOR, JR.,
a.k.a. Jack Taylor,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(February 1, 2006)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Willie James Taylor, Jr., appeals his 180-month sentence for possession of a

firearm as a convicted felon. This appeal requires us to consider whether the government's failure to move for downward departure pursuant to United States Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553(e), based on Taylor's cooperation, constitutes a breach of Taylor's plea agreement. We find that it does not and that there is no other error. We AFFIRM.

## I. BACKGROUND

Pursuant to a written plea agreement, Taylor pled guilty to possession of a firearm as a convicted felon/armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Taylor's plea agreement provided:

> That the defendant is not called upon by this agreement nor any other to implicate any particular individual as to any particular illegal activity, nor to "make a case" against anyone; That the defendant's benefits under this agreement are conditioned solely upon his cooperation and truthfulness, and are IN NO WAY conditioned upon the outcome of any trial, grand jury, or other proceeding;
> . . .
> If the defendant's cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 and under the policies of the United States Attorneys Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence. If the defendant's cooperation is completed or likely to be completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. § 3553(e) and Rule 35, Fed.R.Crim.P. and under the policies of the United States

2

> Attorneys Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence, within one year of the imposition of the sentence.

R1-22 at 5-7.

Taylor, who was in custody following an arrest on a drug charge, provided a statement in which he admitted to pawning a handgun. He had obtained the handgun from an unidentified white male in exchange for crack cocaine. Taylor's criminal history showed that he had been convicted on four separate occasions of a "violent felony or a serious drug offense, or both," including robbery, burglary, and selling cocaine, thereby qualifying him as an armed career criminal. See 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4 (2004). This gave him an offense level of 33. See U.S.S.G. § 4B1.4(b)(3)(B).

He received a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), which resulted in a total offense level of 30. With his criminal history level of VI, the recommended sentencing guidelines range was 168 to 210 months. Because a sentence imposed may not be less than any statutorily required minimum sentence and the mandatory statutory minimum term of imprisonment for 18 U.S.C.

3

§ 924(e)(1) is 15 years (180 months), Taylor's guidelines range became 180 to 210 months.  See U.S.S.G § 5G1.1(c)(2).

Taylor made no objections to the facts as laid out in his pre-sentence investigation report.  At his sentencing hearing, his attorney asked that the court be aware "that Mr. Taylor ha[d] been cooperating with the Government since the entry of his guilty plea . . . that [according to the government] he [was] not eligible for a motion for downward departure right [then], but m[ight] be at some future time if [he] continue[d] to cooperate and be forthright and honest with [the government]."  R5 at 5.  Accordingly, Taylor's attorney asked the court to impose the minimum possible sentence of fifteen years.  Id.  The government confirmed that Taylor had been cooperating by speaking with agents and that the government "hope[d] that in the future, it [would] bear fruit."  Id. at 6.  The court then sentenced Taylor to 180 months imprisonment to be followed by five years of supervised release.

On appeal, Taylor argues that his sentence should be reversed because the government breached the plea agreement by not filing a motion for downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 based on his cooperation and assistance.  Even though Taylor concedes that

4

the plea agreement gives the government discretion as to filing such a motion, he asserts that the agreement specifically stated that all he had to do was cooperate, that he did cooperate, and that the government's reference to its hope that the cooperation would be "fruitful" directly breached the agreement under which his benefits were "IN NO WAY conditioned upon the outcome of any trial, grand jury, or other proceeding." R1-22 at 5.

## II. DISCUSSION

We typically review de novo the issue of "[w]hether the government has breached a plea agreement." United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998) (per curiam). If, however, a defendant fails to object to the imposition of his sentence at the time of the sentencing hearing, "any objections . . . are barred absent manifest injustice." Id. We "equate[] the manifest injustice inquiry with review for plain error." Id.

At the sentencing hearing, Taylor's attorney conceded that he understood, based on discussions with the government, that Taylor was ineligible for a downward departure motion at that point despite his cooperation. Thus, Taylor now alleges breach for the first time on appeal. Accordingly, Taylor's objection is barred absent plain error. See id.

We have made clear that, even post-<u>Booker</u>,[1] a motion from the government is required before a district court may depart downward from the guideline range on the basis of substantial assistance. <u>United States v. Crawford</u>, 407 F.3d 1174, 1182 (11th Cir. 2005). In explaining our role concerning review of the government's decision not to file a substantial assistance motion, we have reasoned that "judicial review [of the government's decision not to file a U.S.S.G. § 5K1.1 motion] is appropriate when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." <u>United States v. Forney</u>, 9 F.3d 1492, 1502 (11th Cir. 1993) (emphasis omitted).

In this case, although the government conceded at the sentencing hearing that Taylor had been cooperating, Taylor's plea agreement specified that the government was not promising to make a motion for downward departure based on his cooperation but rather agreed "to consider whether [his] cooperation qualifie[d] as 'substantial assistance' pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1." R1-22 at 6 The agreement leaves the decision as to filing a § 5K1.1 motion within the sound discretion of the

---

[1]<u>United States v. Booker</u>, 543 U.S. ___, 125 S. Ct. 738 (2005).

government. Accordingly, the government did not breach the plea agreement by exercising its discretion not to make a motion. See Crawford, 407 F.3d at 1182. Further, because the government did not move for a downward departure, the district court was prohibited from departing from the guideline range on the basis of substantial assistance. Finally, Taylor has not demonstrated, or even alleged, an impermissible motive behind the government's failure to move for a downward departure. See Forney, 9 F.3d at 1502. Consequently, there is no plain error and review of the government's decision is inappropriate.[2]

## III. CONCLUSION

Taylor has appealed his sentence on the ground that the government breached his plea agreement in failing to file a motion for downward departure based on substantial assistance. Because Taylor's plea agreement did not contain a promise by the government to move for a downward departure and because Taylor failed to articulate an unconstitutional motive behind the government's decision not to move for a downward departure, we discern no reversible error. Accordingly, we **AFFIRM** Taylor's sentence.

---

[2]In the absence of plain error, we do not reach Taylor's argument that he should be resentenced before a different a judge.